■ In the Matter of INSURANCE PREMIUM FINANCE ASSOCIATION OF NEW YORK STATE et al., Respondents, v NEW YORK STATE DEPARTMENT OF INSURANCE et al., Appellants. [630 NYS2d 312] —Order and judgment (one paper), Supreme Court, New York County (Kristin Booth Glen, J.), entered May 4, 1994, which granted the New York Automobile Insurance Plan leave to intervene, deemed its answer served nunc pro tunc, and granted the cross motions for reargument, but adhered to its original decision declaring the Six Payment Plan null and void, unanimously affirmed, without costs.

We do not agree with appellants' argument that we should narrowly construe the State Administrative Procedure Act in the context of this proceeding.

This case is distinguishable from the situation in *Incorporated Vil. of Great Neck Plaza v Nassau County Rent Guidelines Bd.* (69 AD2d 528), where the Court found that the lending of staff assistance by the State Division of Housing and Community Renewal did not connote such State participation in the decision-making process as would render the local rent guidelines boards subject to the requirements of the State Administrative Procedure Act. There, as the Court found, the Emergency Tenant Protection Act placed sole responsibility for the guidelines determination in the rent guidelines boards which are local entities of a quasi-legislative nature (69 AD2d, *supra,* at 534). Here, however, the record is clear that the Automobile Insurance Plan (AIP) Committee merely proposed the amendments, which changed the Three Payment Plan to the Six Payment Plan, to the Insurance Department, which then approved them. Unlike the situation in 1977, when the Six Payment Plan then proposed by AIP was rejected by the Insurance Department on a finding, after a public hearing,

that "it would not be in the best interests of the public or the insurance industry to adopt, at this time, an extended installment premium payment plan", the 1992 Six Payment Plan presently under review was adopted without any such procedural safeguards. Thus, given the general application and wide effect of the proposed Six Payment Plan, an opportunity for public comment is warranted. Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarrelli, JJ.